UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
NIHAL ERKAN, on behalf of herself and all
others similarly situated,

                                   **Plaintiff,**

                 -against-

BLUE & CREAM, LLC,

                                **Defendant.**
------------------------------------------------------------ x

**REPORT AND
RECOMMENDATION**

23 Civ. 6241 (RER) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

       Plaintiff Nihal Erkan ("Plaintiff") commenced this action against Defendant Blue &

Cream, LLC ("Defendant"), asserting the following claims: (1) violation of the public

accessibility requirements of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181

et seq. (the "ADA"); (2) violation of the public accessibility requirements of Article 15 of the

New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. (the "NYSHRL"); (3)

violation of the public accessibility requirements of Article 4 of the New York State Civil Rights

Laws, N.Y. Civ. Rights Law §§ 40 et seq. (the "NYSCRL"); and (4) violation of the New York

City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq. (the "NYCHRL").  See generally

ECF No. 1.  Plaintiff's complaint also seeks declaratory relief.  See generally id.  Plaintiff moves

for entry of a default judgment, seeking (1) a declaration that, through the operation of its

website, Defendant violated the ADA, the NYSHRL, the NYSCRL and the NYCHRL; (2) a

preliminary and permanent injunction requiring Defendant to bring the website into compliance

with the ADA and its implementing regulations; (3) compensatory damages pursuant to the

NYSHRL and the NYCHRL in the amount of $1,500.00; (4) pre-judgment and post-judgment

interest; and (5) an award of reasonable attorneys' fees and costs.  See ECF No. 14 at 5-6.  For

the reasons discussed below, the Court respectfully recommends that (1) Plaintiff's motion be granted in part and denied in part without prejudice, conditioned on timely receipt of the conforming filings described infra, Secs. II (B)(1)(b), by March 19, 2025, and (2) that Plaintiff be permitted to file a motion for attorneys' fees and costs that conforms with this report and recommendation by April 2, 2025.

## I.    FACTUAL BACKGROUND

Plaintiff, a resident of Queens, is "visually-impaired" and "legally blind," as she has "a visual acuity with correction of less than or equal to 20 x 200," and, as such, "requires screen-reading software to read website content using her computer" and a keyboard, as opposed to a mouse.  ECF No. 1 ¶¶ 2, 15, 20, 29.  Use of this software requires that "the information on a website . . . be capable of being rendered into text."  Id. ¶ 21.

Defendant "specializes in designer women's and men's clothing . . . and accessories."  Id. ¶ 5.  Defendant has a website, which it "controls and operates . . . in New York State and throughout the United States," located at https://www.blueandcream.com (the "Website").  Id. ¶¶ 4, 24.  The Website "provides to the public a wide array of services," including information about "price specials," "information about store locations and hours of operation, . . . information about the services in its physical locations, . . . information about available offers and programs," social media connections, information about Defendant, and blog posts.  Id. ¶¶ 5, 26.

Defendant failed "to design, construct, maintain, and operate [its] . . . website to be fully accessible to and independently usable by Plaintiff."  Id. ¶ 4; see id. ¶ 5 (noting the "significant access barriers that . . . make it impossible for blind and visually-impaired users to enjoy and learn about the services at Blueandcream.com prior to entering Defendant's physical location").  The barriers include "inaccurate heading hierarchy, incorrectly formatted lists, inaccessible

contact information, changing of content without advance[d] warning, unclear labels for interactive elements, inaccurate drop-down menus, the denial of keyboard access for some interactive elements, redundant links . . . , . . . the requirement that transactions be performed solely with a mouse," lack of alternative text for images, lack of "prompting information and accommodations" for screen-readers to locate and complete online forms, and lack of adequate labeling. Id. ¶¶ 29-31, 33.  The Website "rel[ies] on an exclusively visual interface," requiring "blind persons [to] . . . rely on sighted companions to assist them in accessing Blueandcream.com."  Id. ¶ 7.

Plaintiff engages in "an active lifestyle and wears comfortable and minimalist clothing," such that "[s]he was looking for an online store providing stylish[,] high-quality dresses from local designers."  Id. ¶ 10.  In her search, she discovered the Website, "wanted to buy a stretching dress," and wanted "to find out the store's hours of operations, but[,] due to numerous accessibility issues, [she] could not complete the purchase" or carry out her intention to visit Defendant's physical store on Madison Avenue.  Id. ¶¶ 10, 17-18.  The accessibility issues encountered by Plaintiff in visiting the Website include disorientation resulting from an automatic pop-up window, improperly defined heading hierarchies, an improperly formatted navigation menu, issues with search suggestions, improper programming of interactive elements, announcement of repetitive links without context, inability to navigate through content, direction to the same destinations, inappropriate and nondescriptive names for interactive elements, poorly descriptive alternative text, and inaccessibility of Defendant's phone number.  See id. ¶ 32. Plaintiff's attempts to use the Website, which took place on August 4, 2023, and on August 5, 2023, were made from this District.  Id. ¶¶ 13, 36.  Plaintiff plans to use the Website

"immediately" upon it being made accessible and "would like to visit one of . . . Defendant's physical store locations." Id. ¶ 37.

## II.    DISCUSSION

Federal Rule of Civil Procedure 55 sets forth the two-step procedure "for the entry of judgment against a party who fails to defend: first the entry of a default, and second, the entry of a default judgment." City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011 (citation omitted).

### A.    Entry Of A Default

Federal Rule of Civil Procedure 55(a), entitled "Entering a Default," provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Local Civil Rule 55.1[1] requires a party seeking an entry of default to file (a) a request for an entry of default; (b) an affidavit demonstrating that (1) "the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person"; that (2) "the party has failed to plead or otherwise defend the action"; (3) that "the pleading to which no response has been made was properly served; and (c) a proposed form of default.  Local Civ. R.

---

[1] Local Civil Rule 1.1 provides that "[t]hese Local Civil Rules take effect on January 2, 2025 (the "Effective Date") and govern actions pending or filed on or after that date.  For actions pending on the Effective Date, if fewer than 14 days remain to perform an action governed by these Rules, the provisions of the previous Local Rules effective on January 1, 2025 will govern."  The Court notes an apparent gap in the Rule, in relation to which version of the Local Civil Rules applies to motions filed when one version of the Local Civil Rules was in effect but the motion is decided after a subsequent version of the Local Civil Rules came into effect, as here.  The Court addresses this gap by applying the version of the Local Civil Rules in effect at the time this motion was filed, namely the Local Civil Rules of October 15, 2021, in considering the motion, as these were the only Local Civil Rules about which Plaintiff had notice when filing the motion.

55.1.  This first step "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff."  <u>Mickalis Pawn Shop</u>, 645 F.3d at 128.

### 1.    Requirement Of Local Civil Rule 55.1(a)

Plaintiff satisfied the requirement of Local Civil Rule 55.1(a) as to the request for an entry of default.  Plaintiff filed a request for an entry of default as to Defendant.  <u>See generally</u> ECF No. 12.

### 2.    Requirements Of Local Civil Rule 55.1(b)

The Court addresses each of the three requirements of Local Civil Rule 55.1(b) in turn.

#### a.    First Requirement: No Infancy, Incompetency, Or Military Service

Plaintiff satisfied the first requirement of Local Civil Rule 55.1(b).  Plaintiff filed an affidavit stating that Defendant "is not an infant or incompetent" and "is not presently in the military service of the United States as appears from the facts in this litigation."  ECF No. 12 at 2.[2]

#### b.    Second Requirement: Failure To Plead Or Otherwise Defend The Action

Plaintiff satisfied the second requirement of Local Civil Rule 55.1(b).  Plaintiff filed an affidavit stating that Defendant's time "to answer or otherwise move with respect to the complaint herein has expired" and has not been extended but that Defendant has not done so.  ECF No. 12 at 2.

---

[2] The Court notes that, because Defendant is a limited liability company, the requirements to demonstrate compliance with the Servicemembers Civil Relief Act and to demonstrate that Defendant is not known to be a minor or an incompetent person are inapplicable.  <u>See</u> <u>JCJ Marketer Corp. v. Tierra Nueva Organic, Inc.</u>, No. 9 Civ. 1487 (NGG), 2010 WL 1292713, at *2 (E.D.N.Y. Mar. 31, 2010) (reasoning that, "because [the defendant] . . . is a corporate entity, a statement that [it] . . . is not a minor, mentally incompetent, or in the military service is unnecessary").

### c.    Third Requirement: Proper Service Of Process

Plaintiff failed to satisfy the third requirement of Local Civil Rule 55.1(b), as to the demonstration that Defendant was properly served with process, as Plaintiff did not make any statements relating to service on Defendant in her supporting affirmation.  See generally ECF No. 12 at 2-4.  Nonetheless, because the record before the Court demonstrates proper service of process on Defendant, the Court waives this requirement.[3]

Federal Rule of Civil Procedure 4(c) requires that the summons and complaint be served on the defendants within 90 days after the filing of the complaint, in accordance with Federal Rule of Civil Procedure 4(m).  Federal Rule of Civil Procedure 4(h), entitled "Serving a Corporation, Partnership, or Association," provides that

> a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual;[4] or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h) (footnote added).

Plaintiff commenced this action by filing a complaint.  See generally ECF No. 1.  Within a month, Plaintiff served "Oliver Martin, who is designated by law to accept service of process on behalf of" Defendant, having "identified [himself] . . . as the person in charge authorized to

---

[3] The Court notes that Plaintiff and Plaintiff's counsel have filed several cases related to the disability laws and websites.  The Court waives this requirement herein, but Plaintiff and Plaintiff's counsel should not expect such leniency in the future.

[4] Federal Rule of Civil Procedure 4(e)(1) provides for service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

accept" service, with the summons and complaint at "60 The Cir, East Hampton, NY 11937."

ECF No. 8.  This service of process satisfies both the temporal requirement for service set forth

in Federal Rule of Civil Procedure 4(c), namely that the summons and complaint be served on a

defendant within 90 days after filing a complaint, and the substantive service requirement set

forth in Federal Rule of Civil Procedure 4(e), namely by serving Oliver Martin, an apparently

authorized agent for service of process, with the summons and complaint personally, in

accordance with Federal Rule of Civil Procedure 4(h)(1)(B).  See De Curtis v. Ferrandina, 529 F.

App'x 85, 86 (2d Cir. 2013) (stating that "[a] process server's sworn statement of service creates

a presumption that service has been effectuated" (citation omitted)); Kohler Co. v. Bold Int'l

FZCO, 422 F. Supp. 3d 681, 709, 714-15 (E.D.N.Y. 2018) (adopting a report and

recommendation on a motion for entry of default judgment, with the exception of two "harmless

errors" not relevant here, which reasoned that, in the context of Federal Rule of Civil Procedure

4(h)(1)(B), "[w]here a person holds him/herself out to be such a person" who may accept service

of process within the scope of the Rule, "and the circumstances objectively support a reasonable

inference that the defendant would receive fair notice, the service should be sustained" and

which found sufficient service of process where the "domestic process server's sworn statement

[was] that he delivered the [s]ummons and [c]omplaint to" a person who identified himself as a

principal of one defendant and an employee of another defendant and who represented that he

was authorized to accept service of process on behalf of both of those defendants (footnote &

citations omitted)). [5]

---

[5] The Court notes that Plaintiff's counsel's reliance on N.Y. Bus. Corp. Law § 306 with regard to service of process in his affirmation accompanying the motion for entry of default judgment, see ECF No. 14 at 9, is misplaced, given that such provision applies to corporations, see N.Y. Bus. Corp. Law § 103(a), but Defendant is a limited liability company.

In addition to service of process on Defendant, the Court mailed to Defendant a copy of an Order scheduling an initial conference, accompanied by a copy of the public docket, see 12/8/2023 Order; an Order rescheduling the initial conference, accompanied by a copy of the docket, see 12/27/2023 Order; and an Order scheduling a conference to address Plaintiff's request for an entry of default as to Defendant, informing Defendant of the nature and status of the action, and warning Defendant of the possible consequences of failure to appear in the action, accompanied by a copy of the complaint and the docket, see 4/1/2024 Order.  None of these mailings was returned.  See generally Erkan v. Blue & Cream, LLC, No. 23 Civ. 6241 (RER) (VMS) (E.D.N.Y.).  At the Court's direction, see 4/1/2024 Order, Plaintiff also mailed to Defendant a copy of the default-related Order, accompanied by a copy of the docket, see generally ECF No. 11.

**B.    Entry Of A Default Judgment**

The Court addresses the procedural and the substantive requirements for entry of a default judgment.

**1.    Procedural Requirements**

Federal Rule of Civil Procedure 55(b), entitled "Entering a Default Judgment," provides two mechanisms through which a default judgment may be entered: by the clerk of court, pursuant to subsection (1),[6] or by the court, pursuant to subsection (2).  A motion for entry of a default judgment by the court must comply with Local Civil Rule 55.2(b) and Local Civil Rule 55.2(c).

---

[6] Given that Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, pre- and post-judgment interest, reasonable attorneys' fees and expert fees, and costs, see ECF No. 14 at 4-6, the Clerk of Court is without authority to address the request for an entry of default judgment.

### a.    Local Civil Rule 55.2(b)

Plaintiff satisfied the requirements of Local Civil Rule 55.2(b).  Local Civil Rule 55.2(b) requires a party moving for entry of a default judgment to file with it a copy of the entry of default, "the claim to which no response has been made," and a proposed form of default judgment.  Loc. Civ. R. 55.2(b).  Plaintiff satisfied each of these requirements.  See generally ECF Nos. 14-1, 14-3 & 14-4.

### b.    Local Civil Rule 55.2(c)

Plaintiff failed to satisfy the requirements of Local Civil Rule 55.2(c).  Local Civil Rule 55.2(c) requires that "all papers submitted to the Court pursuant to Local Civil Rule 55.2[(b)] . . . simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)," with the related requirements that "[p]roof of such mailing . . . be filed with the Court" and that "a supplemental affidavit . . . be filed with the Court" if the mailing is returned, informing the Court of the return and any reason provided for the return.  Loc. Civ. R. 55.2(c).  Plaintiff filed a certificate of service indicating that the following documents were mailed to Defendant at its "last known physical address": the notice of motion; the memorandum of law and exhibits thereto, of which there are none; and the affirmation of Plaintiff's counsel and exhibits thereto, which are the summons and complaint, the proof of service of process on Defendant, the certificate of default as to Defendant, and a proposed form of default judgment.  See ECF Nos. 14-15.  Plaintiff's certificate of service is deficient, in that it indicates that the documents were mailed to Defendant's last known physical address, whereas Local Civil Rule 55.2(c) requires mailing to Defendant's business address. Plaintiff must correct these deficiencies by March 19, 2025.

### 2.      Substantive Requirements

Entry of a default judgment "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)," which, in turn, instructs "that [a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Mickalis Pawn Shop, 645 F.3d at 128, 128 n.16 (citation & quotations omitted).  A district court's discretion to proceed pursuant to this procedure is "circumscribed," given the "strong preference for resolving disputes on the merits" and given that "a default judgment is the most severe sanction which the court may apply." Id. at 129 (citations & quotations omitted). As such, before entering a default judgment, a "district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." Id. at 137 (footnote, citation & quotations omitted).  The Court addresses the merits of each of Plaintiff's claims below, accepting all allegations in Plaintiff's amended complaint as true.  See Mirlis v. Greer, 80 F.4th 377, 383 (2d Cir. 2023) (stating that, "[o]n a motion for default judgment after default has entered, a court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor" (citation & quotations omitted)); A&B Alternative Marketing Inc. v. Int'l Quality Fruit Inc., 35 F.4th 913, 916 (2d Cir. 2022) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citation & quotations omitted)).

The Court addresses each in turn Plaintiff's federal claim pursuant to the ADA, New York State claims pursuant to the NYSHRL and the NYSCRL, and New York City local law claim pursuant to the NYCHRL.

### a.    Federal Claim Pursuant To The ADA

Plaintiff sufficiently pleaded a claim pursuant to the ADA, such that Plaintiff has established Defendant's liability, and established entitlement to the requested injunctive relief but not to the requested attorneys' fees and costs.

### i.    Liability

The elements of a claim pursuant to Title III of the ADA are "that (1) [the plaintiff] . . . is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." Krist v. Kolombos Rest. Inc., 688 F.3d 89, 94-95 (2d Cir. 2012) (citations & quotations omitted).

### (a)    First Element

Plaintiff sufficiently pleaded the first element. The ADA defines a disability as, inter alia, "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Major life activities include "seeing." 42 U.S.C. § 12102(2)(A). Plaintiff is "visually-impaired and legally blind," as she has "a visual acuity with correction of less than or equal to 20 x 200," such that she must use "screen-reading software to read website content using her computer." ECF No. 1 ¶ 2. As such, Plaintiff is disabled within the meaning of the ADA.

### (b)    Second Element

Plaintiff sufficiently pleaded the second element. Whether a website is a place of public accommodation pursuant to the ADA remains unanswered by the Second Circuit. Cases in circuits beyond the Second Circuit have adopted varying approaches in addressing whether a website constitutes a "place of public accommodation" pursuant to the ADA. See, e.g., Lloyd v.

Facebook, Inc., No. 23-15318, 2024 WL 3325389, at *1 (9th Cir. July 8, 2024) (addressing a claim for violation of the ADA asserted by the plaintiff against Facebook, Inc., Meta Platforms, Inc., and Mark Zuckerberg and "agree[ing] with the district court that the ADA claim fails because Facebook is not a place of public accommodation" (citation omitted)), cert. denied, 145 S. Ct. 462 (U.S. Nov. 4, 2024); Robles v. Domino's Pizza, LLC, 913 F.3d 898, 902-05, 905 n.6 (9th Cir. 2019) (addressing a claim for violation of Title III of the ADA asserted by the plaintiff against Domino's Pizza, LLC for failure "to design, construct, maintain, and operate its website and mobile application (app) to be fully accessible to him" through the use of "screen-reading software" and "agree[ing] with the district court that the ADA applies to Domino's website and app" and, in doing so, describing the "nexus between Domino's website and app and physical restaurants" as "critical" and noting that they "need not decide whether the ADA covers websites or apps of a physical place of accommodation where their inaccessibility does not impede access to the goods and services of a physical location"); Haynes v. Dunkin' Donuts LLC, 741 F. App'x 752, 753, 753 n.1, 754 (11th Cir. 2018) (addressing a claim for violation of Title III of the ADA asserted by the plaintiff against Dunkin' Donuts, LLC and affiliated entities for failure to "maintain[] a website compatible with screen reading software" and holding that the plaintiff "has shown a plausible claim for relief under the ADA" because "the website is a service that facilitates the use of Dunkin' Donuts' shops, which are places of public accommodation"). The Second Circuit previously rejected an argument that Title III of the ADA "ensure[s] that the disabled have physical access to the facilities of insurance providers" but does not "prohibit discrimination against the disabled in underwriting" and, in doing so, reasoned that "Title III's mandate that the disabled be accorded full and equal enjoyment of the goods, [and] services . . . of any place of public accommodation suggests to us that the statute was meant to guarantee

them more than mere physical access." Pallozzi v. Allstate Life Ins. Co., 198 F.3d 28, 32 (2d Cir. 1999) (footnote, citation & quotations omitted)).

Circuits, including the Second Circuit, have considered whether the term "place of public accommodation" pursuant to the ADA is confined to a physical location in contexts other than website claims. See, e.g., Peoples v. Discover Fin. Servs., Inc., 387 F. App'x 179, 181, 183-84 (3d Cir. 2010) (addressing a claim for violation of Title III of the ADA asserted by the plaintiff against DFS Services LLC in relation to the failure to "reasonab[ly] accommodat[e] and safeguard[] . . . credit card holders with vision impairments"; noting that "[t]he Courts of Appeals are split on whether the term 'public accommodation,' as used in the ADA, refers to an actual physical structure or whether it has some broader meaning"; and holding that "the District Court correctly granted summary judgment against Peoples on his ADA claim," given that the use of a "credit card processing terminal . . . is not a 'public accommodation' within the meaning of the ADA" and that the allegedly "insufficient investigation of Peoples's fraud claim . . . in no way relates to the equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations on physical property that DFS . . . owns, leases, or operates" (footnote & citations omitted)); Morgan v. Joint Admin. Bd., Ret. Plan of the Pillsbury Co. & Am. Fed. of Grain Millers, AFL-IO-CLC, 268 F.3d 456, 459 (7th Cir. 2001) (rejecting the defendant's argument that a public accommodation pursuant to Title III of the ADA should be interpreted "literally, as denoting a physical site, such as a store or hotel" (citations omitted)); Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 95 n.4 (1st Cir. 2000) (noting "that 'public accommodations' are not limited to actual physical structures, and that the discriminatory denial of benefits under a health care plan might, in some circumstances, state a claim under Title III of the ADA"); Pallozzi, 198 F.3d at 32 (footnote & citation omitted).

Many courts in the Second Circuit have applied reasoning similar to Pallozzi to the question of whether a website is a place of public accommodation.  See Suris v. Collive Corp., No. 20 Civ. 6096 (AMD) (JRC), 2022 WL 542987, at *2 (E.D.N.Y. Jan. 10, 2022) (collecting cases (citations omitted)), report & recommendation adopted, No. 20 Civ. 6096 (AMD) (JRC), 2022 WL 541765 (Mar. 6, 2023).  Some courts that have held that standalone websites are not places of public accommodation pursuant to the ADA.  See Sookul v. Fresh Clean Threads, Inc., --- F. Supp. 3d ---, No. 1:23 Civ. 10164 (GHW), 2024 WL 4499206, at *1, *6, *8 (S.D.N.Y. Oct. 16, 2024) (considering a claim asserted pursuant to Title III of the ADA in relation to the accessibility of a website of "an online retailer that sells clothing exclusively through its website," noting that "[t]he principal question before the Court is whether a website that bears no connection to a physical place is nonetheless a 'place of public accommodation' within the meaning of Title III," and answering the question in the negative and, in doing so, relying on "[t]he plain text of the statute" and holding that "places of public accommodation do not extend beyond physical locations to standalone websites"); Winegrad v. Newsday LLC, 556 F. Supp. 3d 173, 174, 181 (E.D.N.Y. 2021) (addressing "whether a website constitutes a 'place of public accommodation' under the ADA" and concluding "that the ADA excludes, by its plain language, the websites of businesses with no public-facing, physical retail operations from the definition of 'public accommodations'" and, in doing so, noting that "offer[ing] the same 'goods and services' as the business's brick-and-mortar operation" may be critical to the analysis).  Courts have, however, have held otherwise where the website operates as an adjunct to a physical space open to the public.  See Suris, No. 20 Civ. 6096 (AMD) (JRC), 2022 WL 542987, at *3 (citations omitted).  According to Plaintiff's complaint, the Website "provides to the public a wide array of services" and operates as an adjunct to Defendant's physical stores. ECF No. 1 ¶¶ 4-5.  Because

14

Defendant failed to appear in this case to challenge this characterization, the Court must accept the description of the website as "an adjunct" to Defendant's physical stores. As such, the Website is a place of public accommodation operated by Defendant.

### (c)    Third Element

Plaintiff sufficiently pleaded the third element. The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines such discrimination as, inter alia,

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

42 U.S.C. § 12182(b)(2)(A)(ii). The ADA defines such discrimination as, inter alia,

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(iii). In view of Plaintiff's allegations as to the numerous accessibility issues encountered when attempting to visit the Website, that such issues render the conclusion that the Website "is inaccessible to blind" persons "sufficiently intuitive and/or obvious," and that Defendant has "fail[ed] and refus[ed] to remove access barriers" to its Website, ECF No. 1 ¶¶ 27, 32, 40, Plaintiff has sufficiently pleaded discrimination on the basis of her disability. See Panarese v. Sell It Social, LLC, No. 19 Civ. 3211 (ARR) (VMS), 2020 WL

4506730, *3 (E.D.N.Y. July 2, 2020) (on a motion for an entry of default judgment, finding allegations "that defendant constructed a website that is inaccessible to plaintiffs, knowingly maintains the website in this inaccessible form, and has failed to take adequate actions to correct barriers" sufficient to establish liability pursuant to the ADA (citations omitted)), report & recommendation adopted, No. 19 Civ. 3211 (ARR) (RML), 2020 WL 4505703 (E.D.N.Y. Aug. 5, 2020).

## ii.    Remedies

Plaintiff has established entitlement to the requested injunctive relief but not the requested attorneys' fees and costs because Plaintiff has not submitted any information or evidence to support the request.  If Plaintiff wishes to pursue this request, a properly supported motion may be submitted by April 2, 2025.  See 42 U.S.C. § 12205.

Title III of the ADA "authorizes private actions only for injunctive relief, not monetary damages." Krist, 688 F.3d at 94 (citation omitted).  A plaintiff has standing to seek such relief, and is entitled to such relief upon establishing a defendant's liability, "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location." Bernstein v. City of N.Y., 621 F. App'x 56, 57 (2d Cir. 2015) (citations & quotations omitted).  Plaintiff pleaded (1) that she was injured, as she wanted to purchase a "stretching dress" and ascertain the hours of operation for at least one of Defendant's stores but was unable make a purchase or carry out her intention to visit Defendant's store on Madison Avenue due to accessibility issues with the Website, see ECF No. 1 ¶¶ 10, 17-18; (2) that inferring the continuation of the discriminatory treatment is reasonable,

as Defendant has "failed to take actions to correct the[] access barriers in the face of substantial harm and discrimination to blind" persons, id. ¶ 40; and (3) that inferring that Plaintiff intends to return to the Website is reasonable, as she visited the Website twice previously, plans to use it "immediately" upon it being made accessible, and would like to visit one of Defendant's stores, see id. ¶¶ 36-37.  As such, Plaintiff is entitled to injunctive relief requiring Defendant to make the Website accessible to persons with blindness and visual impairments.

### b.    New York State Claim Pursuant To The NYSHRL And The NYSCRL

Plaintiff sufficiently pleaded a claim pursuant to the NYSHRL and the NYSCRL, such that Plaintiff has established Defendant's liability, and established entitlement to the requested injunctive relief and compensatory damages but not to the requested civil penalties, fines, attorneys' fees or costs.

### i.    Liability

Plaintiff sufficiently pleaded a claim pursuant to the NYSHRL and the NYSCRL, such that Plaintiff has established Defendant's liability.

A New York state disability discrimination claim "is comprised of New York Executive Law §§ 292 et seq.[, or the NYSHRL,] (which provides the substance of the law) and the New York Civil Rights Law §§ 40 et seq.[, or the NYSCRL,] (which provides for penalties)." Andrews v. Blick Art Materials, LLC, 268 F. Supp. 3d 381, 398 (E.D.N.Y. 2017) (citations omitted).  This "State-law claim is coextensive with [a] . . . Title III claim."  Kris v. Kolombos Rest. Inc., 688 F.3d 89, 97 (2d Cir. 2012) (citation omitted); see Andrews, 268 F. Supp. 3d at 398 (reasoning that, [i]n general, disability discrimination claims under the NYSHRL rise or fall in tandem with disability discrimination claims brought pursuant to the federal ADA" (citation

omitted)).  As such, because Plaintiff sufficiently pleaded the ADA claim, she sufficiently

pleaded liability under the NYSHRL and NYSCRL claim.

## ii.    Remedies

Plaintiff has established entitlement to the requested injunctive relief and compensatory

damages[7] but not to the requested civil penalties, fines, attorneys' fees, or costs.  The Court has

already determined that Plaintiff is entitled to injunctive relief requiring Defendant to make the

Website accessible to persons with blindness and visual impairments pursuant to the ADA, see

42 U.S.C. § 12188(a)(2), as discussed supra, Sec. II(B)(2)(a)(ii).  The same reasoning applies

under New York law.  Plaintiff is also entitled to the requested compensatory damages in the

amount of $500.00 pursuant to the NYSCRL, which provides for a "penalty of not less than one

hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved" by

a violation.  N.Y. Civ Rights L. § 40-d;[8] see Suris, No. 20 Civ. 6096 (AMD) (JRC), 2022 WL

542987, at *6; Shalto v. Bay of Bengal Kabob Corp., No. 12 Civ. 920 (KAM) (VMS), 2013 WL

867429, at *11 (E.D.N.Y. Feb. 6, 2013) (finding $500 in compensatory damages to be

appropriate pursuant to the NYSCRL), report & recommendation adopted as modified on other

grounds, No. 12 Civ. 920 (KAM) (VMS), 2013 WL 867420 (E.D.N.Y. Mar. 7, 2013).

Plaintiff has not provided any information with regard to civil penalties and fines, which

would be payable to New York, rather than Plaintiff, if available, see N.Y. Exec. L. § 297(4)(c),

or reasonable attorneys' fees and costs, such that each request should be denied without

---

[7] The Court notes that Plaintiff appears to seek these compensatory damages pursuant to the
NYSHRL, see ECF No. 14 at 10, but, as described supra, Sec. II(B)(2)(b)(i), the NYSCRL
provides for these damages.

[8] Plaintiff served the required notice on the Attorney General of New York State, pursuant to
N.Y. Civ. Rights L. § 40-d.  See ECF No. 1 ¶ 85.

prejudice.  Plaintiff need only correct this deficiency if Plaintiff's counsel seeks such an award, in which case a separate motion requesting civil penalties, fines, attorneys' fees or costs may be submitted by April 2, 2025.

### iii.    Claim Pursuant To The NYCHRL

Plaintiff sufficiently pleaded a claim pursuant to the NYCHRL, such that Plaintiff has established Defendant's liability, and established entitlement to the requested injunctive relief and compensatory damages but not to the requested civil penalties, fines, attorneys' fees or costs.

### i.    Liability

Plaintiff sufficiently pleaded a claim pursuant to the NYCHRL, such that Plaintiff has established Defendant's liability.

A New York City disability discrimination claim is governed by "different standards" than an ADA claim, but "a one-way ratchet exists where the ADA constitutes a floor below which the City's Human Rights Law cannot fall."  See Suris, No. 20 Civ. 6096 (AMD) (JRC), 2022 WL 542987, at *4 (holding that, because the plaintiff sufficiently pleaded an ADA claim to establish liability on a motion for default judgment, the defendants were "similarly . . . liable for violating . . . the NYCHRL" (citation & quotation omitted)); see also N.Y.C. Admin. Code 8-107(4); N.Y.C. Admin. Code 8-107(15).

### ii.    Remedies

Plaintiff has established entitlement to the requested injunctive relief and compensatory damages but not to the requested civil penalties, fines, attorneys' fees or costs.  The Court has already determined that Plaintiff is entitled to injunctive relief requiring Defendant to make the Website accessible to persons with blindness and visual impairments, as discussed supra, Sec. II(B)(2)(a)(ii).  Similar reasoning applies under the City law.  Plaintiff is also entitled to the

requested compensatory damages in the amount of $1,000.00 pursuant to the NYCHRL, as, in cases, as here, where a "plaintiff has not identified with any particularity the basis for his alleged damages," courts have found an award of $1,000 to be appropriate. See Suris, No. 20 Civ. 6096 (AMD) (JRC), 2022 WL 542987, at *6; Shalto, No. 12 Civ. 920 (KAM) (VMS), 2013 WL 867429, at *10 (noting that "[t]he New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage other than what a decent and reasonable individual would suffer when faced with such ignorant behavior (citation & quotations omitted)).

Plaintiff has not provided any information with regard to claimed civil penalties and fines, which would be payable to New York City, rather than Plaintiff, if available, or reasonable attorneys' fees and costs, such that each request should be denied without prejudice. Plaintiff need only correct this deficiency if Plaintiff's counsel seeks such an award, in which case a separate motion requesting civil penalties, fines, attorneys' fees or costs may be submitted by April 2, 2025.

## III.    CONCLUSION

The Court respectfully recommends that Plaintiff's motion for an entry of default judgment be granted in part and denied in part.

The Court respectfully recommends that, conditioned upon receipt of a timely filing demonstrating satisfaction of the requirements of Local Civil Rule 55.2(c), see supra, Sec. II(B)(1)(b), which Plaintiff has leave to submit by March 19, 2025, the motion be granted as to the following: granted as to a declaration of liability for violations of the ADA, the NYSHRL, the NYSCRL and the NYCHRL; granted under the ADA, the NYSHRL and the NYCHRL as to injunctive relief requiring Defendant to make the Website accessible to persons with blindness

and visual impairments; granted as to compensatory damages pursuant to the NYSCRL in the amount of $500.00; and granted as to compensatory damages pursuant to the NYCHRL in the amount of $1,000.00.  If Plaintiff fails to submit the required filing by March 19, 2025, the Court respectfully recommends that this relief be denied.

The Court respectfully recommends that, as to remaining requests for civil fines, penalties, attorneys' fees or costs, the motion be denied without prejudice.  The Court respectfully recommends that Plaintiff have leave to file a motion for this additional relief by April 2, 2025.

## IV.    OBJECTIONS

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen days of service.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen-day period for filing objections. Failure to file objections within fourteen days will preclude further review of this report and recommendation by both the District Court and the Court of Appeals.  See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (reasoning that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate's recommended decision, it waives any right to further review of that decision" (citation & quotations omitted)).

The Court will mail a copy of this report and recommendation to Blue & Cream, LLC, 60 on the Circle, East Hampton, NY 11937.

Dated: Brooklyn, New York
     March 12, 2025

    *Vera M. Scanlon*
    VERA M. SCANLON
    United States Magistrate Judge